UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MALOUF INTERESTS, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. 1:21-cv-00007 |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | |

## NOTICE OF REMOVAL BY DEFENDANT

Defendant, Lexington Insurance Company ("Lexington") desires to exercise its right under the provisions of Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the 118th Judicial District Court of Howard County, Texas, in which said cause is now pending under Cause No. 54689; *Malouf Interests, Inc. v. Lexington Insurance Company.* In support of its request to remove this action, Lexington states as follows:

1. This action is removable because (i) there is complete diversity of citizenship between the plaintiff and defendant, and (ii) the damages alleged are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

2. On December 1, 2020, Plaintiff filed an action styled 54689; *Malouf Interests, Inc. v. Lexington Insurance Company;* in the 118th Judicial District Court of Howard County, Texas.

3. The Petition was served on Lexington, with service effective on December 23, 2020. This Notice of Removal is filed timely under 28 U.S.C. § 1446(b).

4. The sole defendant, Lexington, is incorporated in the state of Delaware, with its principal place of business in Massachusetts. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Lexington is a citizen of the states of Delaware and Massachusetts.

7. Plaintiff is a corporation incorporated in the state of Texas, with its principal place of business in Texas. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of the state of Texas.

8. Generally, the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. *See Horton v. Liberty Mutual Insurance Co.,* 367 U.S. 348, 353 (1961). It is the sufficiency of jurisdictional facts supporting removal at the time the case is removed that are key to the analysis. *Gebbia v. WalMart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

9. In this case, Plaintiff specifically alleges that it "seeks monetary relief over $100,000." Therefore, it is facially apparent from the Petition that the claims are more than $75,000. As such, federal diversity jurisdiction exists. Defendant is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

10. This action should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the plaintiff and defendant, and the judgment value of damages sought by plaintiff is in excess of the jurisdictional limit.

11. Pursuant to LR 81.1 of the Northern District of Texas, Defendant is filing with this Notice of Removal the following:

    (1) A completed civil cover sheet and supplemental civil cover sheet;

    (2) An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

    (3) A copy of the docket sheet in the state court action;

      (4)    Each document filed in the state court action, tabbed and arranged in chronological order;

      (5)    A separately signed certificate of interested persons.

12.    Defendant has given or is in the process of giving notice of the filing of this Notice of Removal to the State Court and to the Plaintiff.

13.    Defendant respectfully requests that this Court take jurisdiction in this civil action to its conclusion to the exclusion of any further proceedings in the State Court in accordance with federal law.

WHEREFORE, Lexington Insurance Company respectfully requests that this Court remove this action from the 118th Judicial District Court of Howard County, Texas to the United States District Court for the Northern District of Texas, Abilene Division.

                                    Respectfully submitted,

                                    /s/ *Tracy Jackson Cowart*
                                  Tracy Jackson Cowart, Attorney-in-Charge
                                  State Bar No.00789398
                                  Federal Bar No. 1759
                                  **EGGLESTON & BRISCOE, LLP**
                                  333 Clay Street, Suite 4800
                                  Houston, Texas 77002
                                  713/659-5100 - Telephone
                                  713/951-9920 - Facsimile
                                  tjc@egglestonbriscoe.com

                                  ATTORNEY-IN-CHARGE FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Notice of Removal was served on the following counsel by certified mail, return receipt requested on the 5th day of January 2021, as follows:

Donald C. Green II
dgreen@dalyblack.com
Richard D. Daly
rdaly@dalyblack.com
ecfs@dalyblack.com
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098

/s/ *Tracy Jackson Cowart*
Tracy Jackson Cowart